Pearson, J.
 

 Miriam McNair does not take either a legal or an equitable interest in the girl, Minerva, consequently she was a competent witness.
 

 The will directs Minerva “ to be set free.” This is incon- .
 
 *300
 
 sistent with tbe idea that any one was to have an ownership, or interest in her, as property. The intention was simply to recommend her, after she was set free, to the eare and patronage, and friendly offices, of the testator’s daughter Jane, and her daughters; which was the more proper, as he had given the mother and brother of Minerva to his daughter, and, no doubt, expected she would allow Minerva to continue to live with the family.
 

 In
 
 Simpson
 
 v. King, 11 Ire. Rep. 377, the intention was to vest the legal title in some one, as the ostensible owner of the slave, who was to be in law his master, but was to allow him certain privileges, and was not to treat him as a bond slave. In our case, the intention was to set the girl free. So, no one was tp be her master, either really or ostensibly. This distinguishes
 
 it from Simpson
 
 v. King, and from
 
 Lea v. Brown,
 
 3 Jones’ Eq. 140.
 

 The script was, therefore, duly executed, and ought to have been admitted to probate, either in its original, or in its altered condition. In this question Niel A. McNair had no interest, for it would in no wise affect the legacy of one hundred dollars, given to him, whether Nancy and her children passed under the first item, or under the 8th. So, there is error in holding that he was not a competent witness in reference to the cancellation and interlineation of that part of the script. He was competent, and the attestation of Miriam A. McNair and this witness, ought to have been allowed the effect of establishing the script as a will in its altered condition.
 

 Suppose the original script had been left unaltered, and a codicil added, changing the legacy in respect to Nancy and her children, by giving them to Jane McNair instead of Miriam Smith, and the codicil duly attested by these two wit nesses, could it be seriously insisted that Niel A. McNair was not a competent witness, because he had a legacy given him in the will ? Instead of making a codicil, the testator resorted to the shorter mode of cancelling and interlining, and took the precaution to have two attesting witnesses to the script
 
 *301
 
 in its altered condition. This bad, in law, precisely, the same effect as a codicil, and, of course, the principle is the same in regard to the competency of the subscribing witnesses.
 

 It is unnecessary to decide the point as- to the effect of the statute, which went into operation after the will was executed, but before the death of the testator. Nor is it necessary to notice the exceptions taken to the charge. There must be a
 
 venire de novo.
 

 Per Cubiam. Judgment reversed.